UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-77-SDJ |
| | § | |
| SAMEER PRAVEEN SETHI | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defense Counsels' Motion to Withdraw as Attorneys of Record. (Dkt. #311). In the motion, court-appointed CJA attorneys James Whalen and Rafeal De La Garza seek permission to withdraw as counsel in this matter so that Defendant Sameer Praveen Sethi can represent himself in all remaining proceedings, including the upcoming sentencing. Because Sethi has demonstrated that he desires to proceed *pro se* and understands the consequences of forgoing the right to counsel, the Court concludes that the motion to withdraw must be granted and Sethi permitted to represent himself.

### I. BACKGROUND

**A. Sethi Is Convicted of Wire Fraud and Money Laundering**

Defendant Sethi was initially indicted on multiple counts of wire fraud and money laundering in March 2020. (Dkt. #1). He had his initial appearance and arraignment in December 2020. (Dkt. #14). A First Superseding Indictment was returned in June 2021. (Dkt. #38). Following a multi-week trial, Sethi was convicted by the jury of wire fraud and money laundering on December 10, 2024, and immediately remanded into custody pending sentencing. (Dkt. #280 at 1).

**B. Sethi's Prior Attorneys**

Throughout these proceedings, Sethi has been represented by counsel: first, by attorneys at the Federal Public Defenders Office; and then, by a retained attorney, Arnold Spencer. Several months after the guilty plea had been entered, Spencer withdrew from representation. (Dkt. #90, #103). F. Clinton Broden was substituted as counsel of record. (Dkt. #91, #103). Eventually, the attorney-client relationship between Broden and Sethi suffered a "total breakdown," resulting in Broden also withdrawing from representation of Sethi. (Dkt. #144, Dkt. #150). Rafeal De La Garza was then appointed by the Court to represent Sethi, joined before trial by James Whalen. (Dkt. #150, Dkt. #175).

**B. Sethi's Counsel Requests Permission to Withdraw from Representation**

Following Sethi's conviction at trial, Whalen and De La Garza have now moved to withdraw from representation based on "the attorney-client relationship ha[ving] deteriorated to the point that continued representation would be unreasonably difficult for undersigned counsel to render effective assistance of counsel to Mr. Sethi." (Dkt. #311 at 1). The motion to withdraw from representation indicates that Sethi wishes to represent himself in all further proceedings, including his upcoming sentencing. As evidence of the total deterioration in the attorney-client relationship, the motion points to Sethi's lengthy correspondence to the Court requesting the removal of Whalen and De La Garza as his attorneys of record. *See* (Dkt. #310). The Court held a hearing on the motion to withdraw from representation, and has fully considered the record relevant to the motion.

## II. LEGAL STANDARD

The Sixth Amendment to the United States Constitution affords criminal defendants not only the right to be represented by counsel, but also the right to waive representation by counsel if they choose to do so. *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). The waiver of the right to counsel must be both "clear and unequivocal" and "knowing[] and intelligent[]." *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008) (quotations omitted); *see also United States v. Mesquiti*, 854 F.3d 267, 272 (5th Cir. 2017) ("[W]e ask whether the defendant in fact relinquished his right to counsel and whether he did so knowingly and intelligently."). As is true of any constitutional right, the Court will "indulge every reasonable presumption against waiver" of the right to counsel. *Mesquiti*, 854 F.3d at 272 (quotations omitted).

## III. DISCUSSION

The Court finds that the motion to withdraw as counsel must be granted. As an initial matter, Sethi has clearly and unequivocally expressed a desire to represent himself. His written correspondence to the Court forthrightly states that "I am requesting for the Court to allow me to proceed Pro Se." (Dkt. #310 at 1). And Sethi's testimony before the Court was unambiguous and consistent—he repeatedly confirmed that he wishes to represent himself at sentencing. In short, Sethi has adequately expressed a desire to represent himself and that desire appears to be knowing and intelligent on the record before the Court. Likewise, the record robustly

supports the contention that a total deterioration of the attorney-client relationship has occurred.

## A. Sethi Has Clearly and Unequivocally Waived the Right to Counsel

Sethi has clearly and unequivocally expressed a desire to represent himself in all remaining proceedings and waive the right to counsel. The requirement that a waiver of the right to counsel be clear and unequivocal is "strictly construed." *Burton v. Collins*, 937 F.2d 131, 133 (5th Cir. 1991). The Court must not infer waiver "quickly" but must instead ensure that the defendant's demands to proceed *pro se* are "articulate[] and unmistakabl[e]." *See id.* at 133 & n.2 (quoting *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982); *United States v. Weisz*, 718 F.2d 413, 426 (D.C. Cir. 1983)).

A waiver of the right to counsel is not articulate and unmistakable when it is inconsistent, ambiguous, or amounts to an inquiry into alternative options. *See id.* at 134; *United States v. Long*, 597 F.3d 720, 724–26 (5th Cir. 2010). In *Long*, for example, the Fifth Circuit held that the defendant had not effectively waived the right to counsel despite repeatedly firing his attorneys, indicating that he would fire *any* attorney appointed to represent him, apparently using a visual cue to affirm that he wanted to represent himself, and stating multiple times that he considered himself to be the "attorney in fact" and wanted to replace the public defender. 597 F.3d at 725–26. Against these actions supporting a finding a waiver, the defendant's other behaviors and comments—for instance, denying on the first day of trial that he

4

wished to represent himself[1]—cast doubt on his true desire to forgo representation. *Id.*

Similarly, in *United States v. Ibarra*, an unpublished case discussed favorably in *Long*, the defendant failed to effectively waive the right to counsel despite attesting to the trial court "I don't need no attorneys" and "I don't want nobody to represent me" and his counsel asking the Court whether it would entertain a motion to proceed *pro se*. 236 F.App'x 10, 12–14 (5th Cir. 2007) (per curiam). Under the circumstances, the court found that the defendant's statements could be understood as general protestations against his detention as opposed to unequivocal requests to represent himself. *Id.* at 14; *see also Burton*, 937 F.2d at 132–34 (finding no unambiguous waiver of the right to counsel although the defendant expressed dissatisfaction with his attorney, requested the attorney's removal from the case, and inquired into the possibility of self-representation); *United States v. Espinoza*, 374 F.App'x 536, 538–39 (5th Cir. 2010) (per curiam) (finding no unambiguous waiver of the right to counsel when the defendant refused to confirm at a hearing what his attorney had put down on paper—that the defendant wished to represent himself—and instead delivered "non-responsive" answers to the Court).

In both *Long* and *Ibarra*, the defendants' representations to the Court "gave rise to reasonable competing interpretations," *Ibarra*, 236 F.App'x at 13, as to their

---

[1] In addition to denying on the first day of trial that he wished to represent himself, the defendant in *Long* also repeatedly delayed proceedings and questioned the federal government's power over him. *Long*, 597 F.3d at 725–26. These actions called into question whether the defendant intended to merely reject the right to counsel, on the one hand, or object to the federal justice system, on the other. *Id.*

5

true desires to represent themselves. Those competing reasonable interpretations had to be resolved against the waiver of counsel. *Id.* at 13–14; *Long*, 597 F.3d at 725–26. But that is not the case here: there are no competing reasonable interpretations of Sethi's true desire. Instead, he has been clear, unambiguous, and unequivocal in his desire to represent himself *pro se*.

During the hearing on the motion to withdraw from representation, the Court asked Sethi multiple times whether he wished to represent himself or continue with an attorney. Sethi maintained throughout the hearing that he would prefer to represent himself, including after the Court provided a detailed warning to Sethi about the dangers of *pro se* representation and advised Sethi of his constitutional right to an attorney. Sethi's expressed desire to proceed *pro se* was not conditional. To the contrary, his position throughout the hearing remained unequivocal and absolute: he wishes to proceed *pro se* notwithstanding the Court's admonition concerning the dangers of doing so. In sum, having been warned of those dangers, Sethi still desires to represent himself. The Court finds that these statements constitute a clear waiver by Sethi of his right to counsel.

**B. Sethi's Request to Represent Himself Appears To Be Knowing and Intelligent**

Further, the motion to withdraw from representation must be granted for the additional reason that Sethi's desire to represent himself appears to be knowing and intelligent on the record before the Court. For the waiver of counsel to be knowing and intelligent, the Court must ensure that the defendant understands the "dangers and disadvantages of self-representation" and that he forgoes the right to counsel

6

with "eyes open" to the practical consequences of that decision. *Faretta*, 422 U.S. at 835 (quotations omitted); *Mesquiti*, 854 F.3d at 272–74. That standard does not require the Court to advise the Defendant of the risks of self-representation using a "prescribed . . . formula or script." *Mesquiti*, 854 F.3d at 272 (quotations omitted). Nor does it require the defendant to possess knowledge of the legal system equal to that of an attorney—as that would cabin the right of self-representation to "a small portion of society." *Lyles v. Estelle*, 658 F.2d 1015, 1019 (5th Cir. 1981).

The standard does require, however, the Court to evaluate the knowingness and intelligence of the defendant's waiver based on the facts and circumstances of the case. Relevant factors to that inquiry include: the stage of proceedings; the defendant's age, education, and other background; whether the defendant understands the nature of the charges levied against him; and whether the decision to proceed *pro se* is the product of coercion. *See Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) ("The information a defendant must possess in order to make an intelligent [waiver] . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding."); *Miller*, 714 F.3d at 903 (quoting *McQueen v. Blackburn*, 755 F.2d 1174, 1177 (5th Cir. 1985)) (articulating factors for the court to consider before accepting a waiver of the right to counsel).

Here, Sethi is 43 years old, a college graduate, and has years of experience in business (outside of the instant offense). His decision to proceed *pro se* is not coerced,

but completely voluntary. Further, the Court conducted a rigorous colloquy to determine whether Sethi understood the consequences of waiving the right to counsel under these factors. The Court advised Sethi of those consequences not only in the abstract, but also in practical terms. For example, the Court explained that, no matter his education or intelligence, Sethi could damage his case by his lack of familiarity with federal procedure or by confusing the role between attorney and accused. The Court also explained that the risks of self-representation are amplified when the opposing party is represented by competent counsel, as the Government is here. The Court explained that those risks were not entirely obviated by the stage of proceedings (sentencing as opposed to trial).

Sethi responded to the Court's admonishments by confirming his lack of formal training in law but asserting his familiarity with the criminal justice system. Sethi also confirmed that he understood the charges against him and the sentence that could be imposed following the jury's verdict finding him guilty on all counts. On this record, the Court finds that Sethi has made a knowing and intelligent decision to waive his right to counsel.

## IV. CONCLUSION

The record establishes that Sethi has clearly and unequivocally waived his right to counsel, that he understands the consequences of waiving the right to counsel, and that he wishes to proceed *pro se*. Therefore, the Motion to Withdraw from Representation, (Dkt. #311), is **GRANTED**. Rafeal De La Garza and James Whalen are withdrawn as counsel of record in this case. Defendant Sameer Sethi will be permitted to proceed *pro se* in this matter.

**So ORDERED and SIGNED this 26th day of June, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE