UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-77-SDJ |
| | § | |
| SAMEER PRAVEEN SETHI | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Accommodation Regarding Access to Sealed Court Filings. (Dkt. #383). In the motion, pro se Defendant Sameer Sethi requests that the Court appoint standby counsel to allow him to review sealed filings in this matter to prepare for his sentencing hearing. (Dkt. #383). After full consideration, the motion will be denied.

### I. BACKGROUND

Defendant Sethi was initially indicted on multiple counts of wire fraud and money laundering in March 2020. (Dkt. #1). He had his initial appearance and arraignment in December 2020. (Dkt. #14). A First Superseding Indictment was returned in June 2021. (Dkt. #38). Following a multi-week trial, Sethi was convicted by the jury of wire fraud and money laundering on December 10, 2024, and immediately remanded into custody pending sentencing. (Dkt. #280 at 1).

Throughout these proceedings, Sethi has been represented by counsel. First, by attorneys at the Federal Public Defenders Office. Next, by a retained attorney—Arnold Spencer. Several months after the guilty plea had been entered, Spencer withdrew from representation. (Dkt. #90, #103). F. Clinton Broden was substituted as counsel of record. (Dkt. #91, #103). Eventually, the attorney-client relationship

between Broden and Sethi suffered a "total breakdown," so Broden also withdrew from representing Sethi. (Dkt. #144, #150). Rafael De La Garza was then appointed by the Court to represent Sethi, joined before trial by James Whalen. (Dkt. #150, #175). Although they represented him zealously at trial, Sethi was found guilty. Shortly after he was taken into custody, De La Garza and Whalen filed on his behalf a Motion for Acquittal and Motion for New Trial, (Dkt. #312), which the Court ultimately denied.

They also filed a Motion to Withdraw as Attorney of Record for Defendant. (Dkt. #311). According to De La Garza and Whalen, the attorney-client relationship had "deteriorated to the point that continued representation would be unreasonably difficult for undersigned counsel to render effective assistance of counsel to Mr. Sethi." (Dkt. #361 at 2). In addition, Sethi "clearly and unequivocally expressed a desire to represent himself." (Dkt. #361 at 3). He wrote to the Court indicating so: "I am requesting for the Court to allow me to proceed Pro Se." (Dkt. #310 at 1). He reaffirmed the same explicitly and repeatedly to the Court during a hearing on whether to allow his counsel to withdraw. (Dkt. #345). As a result, the Court concluded the following:

> The record establishes that Sethi has clearly and unequivocally waived his right to counsel, that he understands the consequences of waiving the right to counsel, and that he wishes to proceed pro se. Therefore, the Motion to Withdraw from Representation, (Dkt. #311), is **GRANTED**. Rafael De La Garza and James Whalen are withdrawn as counsel of record in this case. Defendant Sameer Sethi will be permitted to proceed pro se in this matter.

(Dkt. #361 at 8). Since allowing Sethi to proceed pro se a little over a month ago, he has inundated the Court with filings. He filed four separate motions. (Dkt. #373, #375, #383, #391). The Court accommodated Sethi's situation by ordering the Government to respond to these motions on a shortened timeline. *See, e.g.*, (Dkt. #374, #376, #389). Sethi also filed replies to the Government's responses to his motions. (Dkt. #381, #394). The Court has reviewed and considered those too. All in all, Sethi has filed nearly 200 pages of briefing with the Court in a little over a month. It is against this backdrop that the Court reviews Sethi's current motion.

## II. LEGAL STANDARD

Defendants may represent themselves pro se in a criminal trial. *See Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Defendants may also choose to be represented by counsel. *Id.* at 807. But as the Fifth Circuit has held, "a defendant's statutory right to choose *pro se* or attorney representation is 'disjunctive'; a defendant has a right to one or the other, but not a combination of the two." *United States v. Mikolajczyk*, 137 F.3d 237, 246 (5th Cir. 1998) (citing *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978)); *see also* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally *or* by counsel" (emphasis added)). As a result, pro se defendants have "no constitutional right to standby counsel." *United States v. Oliver*, 630 F.3d 397, 413 (5th Cir. 2011).

That said, the trial court may, within its discretion, appoint standby counsel. *See, e.g.*, *United States v. Taylor*, 933 F.2d 307, 311–13 (5th Cir. 1991). But a trial court "need not countenance abuse of the right to counsel or the right to waive it."

3

*Id.* at 311. Indeed, a defendant has no right to "choreograph special appearances by counsel" or to repeatedly "alternate his position on counsel in order to delay his trial or otherwise obstruct the orderly administration of justice." *Id.* (citations omitted).

### III. DISCUSSION

Based on the Court's reading of Sethi's motion, he does not seek to withdraw his waiver of counsel. Rather, Sethi seeks the "appointment of a custodial or standby counsel" to "remedy the dilemma of timely access to sealed filings, as well as fulfill the requirements that the government has requested in regard to his access and use of the sealed evidence." (Dkt. #383 at 3). According to Sethi, he has been experiencing "significant delays in receiving mail at the facility, because as with many other facilities, the court filings arriving anywhere from one week to two months after being filed, mailed and then processed through the facility before final delivery to him." (Dkt. #383 at 2).

But a cursory review of the docket shows why Sethi's claims are false. For example, Sethi moved the Court to reconsider his Motion for Reinstatement of Bond. (Dkt. #391). Sethi's motion was docketed a mere *three days* after the Court entered its Order on July 25, 2025. (Dkt. #388). Or take Sethi's reply to the Government's response to his Motion for Reinstatement of Bond, which was docketed *two days after* the Government's filing. *See* (Dkt. #377, #381). Simply put, though Sethi claims that court filings are arriving anywhere from "one week to two months after being filed," the record does not support such claims. In fact, Sethi appears to be receiving court

orders and filings in an exceptionally timely manner. He will therefore have more than enough time to review any relevant materials before his sentencing hearing.

Taken together with the fact that Sethi has no constitutional right to standby counsel, *Oliver*, 630 F.3d at 413, the Court exercises its discretion to **DENY** Sethi's request.

### IV. Conclusion

It is therefore **ORDERED** that Defendant's Motion for Accommodation Regarding Access to Sealed Court Filings, (Dkt. #383), is **DENIED**.

So ORDERED and SIGNED this 6th day of August, 2025.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE